IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

**TORBIO ALVARADO,**

    Petitioner,

v.                                       Case No. 1:15cv133-MP/CAS

**STATE OF FLORIDA, and
ATTORNEY GENERAL, State
of Florida,**

    Respondents.

_____/

## REPORT AND RECOMMENDATION TO DISMISS § 2254 PETITION

On June 25, 2015, Petitioner Torbio Alvarado, proceeding pro se, filed a petition for writ of habeas corpus in the Middle District of Florida pursuant to 28 U.S.C. § 2254. ECF No. 1. On July 7, 2015, it was transferred to the Northern District of Florida. ECF No. 2. On April 15, 2016, Respondent filed a motion to dismiss the petition as untimely, with attachments. ECF No. 16. Petitioner filed a response and an amended response to Respondent's motion to dismiss on May 31, 2016. ECF No. 18; ECF No. 19.

The matter was referred to the undersigned United States Magistrate Judge for report and recommendation pursuant to 28 U.S.C. § 636 and Northern District of Florida Local Rule 72.2(B). The attachments before the

Court show that the petition is untimely and should be dismissed. See Rule 4, R. Gov. § 2254 Cases in U.S. Dist. Cts (authorizing dismissal "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court").

## Procedural Background

By information filed December 12, 2008, in Lafayette County Circuit Court Case No. 08-000043-CF-(A), the State Attorney of the Third Judicial Circuit of Florida charged Petitioner Torbio Alvarado with two counts, in connection with events that took place on May 26, 2008: (1) aggravated battery with a deadly weapon, in violation of section 784.045(1)(a), Florida Statutes; and (2) possession of contraband in prison, in violation of section 944.47(1)(c), Florida Statutes. Ex. A.[1] On May 4, 2009, Petitioner pled guilty in a plea negotiated with the State. Ex. B. The court imposed 1 year and 1 day in prison for each count, running concurrently, as well as 3 years of probation for each count, running concurrently. Ex. B; Ex. C. Petitioner was granted 65 days of jail credit. Ex. C.

By affidavit filed on June 21, 2010, the State alleged three violations of Condition (5) of Petitioner's probation, for new law offenses in

---

[1] Hereinafter, all citations to the state court record, "Ex. –," refer to exhibits submitted with Respondent's motion to dismiss, ECF No. 16.

connection with events that took place on May 20, 2010: (1) resisting an officer without violence; (2) aggravated fleeing and eluding a police officer; and (3) no valid driver's license. Ex. E at 1-13. A violation of probation hearing was conducted on November 1, 2010, and then continued on November 29, 2010. Ex. F; Ex. G. The court found that Petitioner violated his probation as alleged and his probation was revoked. Ex. E at 33. The court imposed 15 years in prison on each count, running concurrently, and granted Petitioner jail credit of 591 days. *Id.* at 23-28.

Petitioner appealed this judgment and sentence to the First District Court of Appeal (DCA). Appellate counsel filed an initial brief pursuant to Anders v. California, 386 U.S. 738 (1967), stating that no good faith argument could be made on appeal. Ex. H. Appellate counsel then filed a motion to allow Petitioner to file a pro se initial brief. Ex. I. On May 9, 2011, that motion was granted and the court allowed Petitioner 30 days to file a pro se initial brief. Ex. J.

Between June 9, 2011, and December 9, 2011, Petitioner filed four separate motions for extension of time to file his initial brief. *See, e.g.*, Ex. K; Ex. M; Ex. O; Ex. Q. The court granted each motion, at least in part, but ordered, on December 15, 2011, that Petitioner file his initial brief by January 31, 2012, or the appeal would be decided without benefit of his

brief. *See, e.g.*, Ex. L; Ex. N; Ex. P; Ex. R. On January 26, 2012, Petitioner filed a fifth motion for extension of time to file his initial brief. Ex. S. The First DCA denied this motion on February 13, 2012, and on the same day affirmed Petitioner's judgment per curiam without a written decision. Ex. T; Ex. U; Alvarado v. State, 80 So. 3d 1023 (Fla. 1st DCA 2012) (table).

    On November 18, 2012, Petitioner filed a motion to vacate, set aside, or correct sentence and request for an evidentiary hearing pursuant to Florida Rule of Criminal Procedure 3.850, raising one claim of ineffective assistance of counsel. Ex. W at 1-4. In an order entered January 17, 2014, the Circuit Court of the Third Judicial Circuit, Lafayette County, concluded that the 3.850 motion was facially insufficient and, pursuant to Spera v. State, 971 So. 2d 754 (Fla. 2007), granted him 30 days to refile a facially sufficient motion. *Id.* at 5-6. On February 4, 2014, Petitioner filed a motion for extension of time to file his amended 3.850 motion. *Id.* at 7-10. The court granted Petitioner's motion for extension of time by order rendered February 21, 2014, giving him 60 days, until April 22, 2014, to file his amended 3.850 motion. *Id.* at 11. The date in the record cannot clearly be seen, but on some day before April 11, 2014 (the date stamp by the circuit court), Petitioner filed a second motion for extension of time to file

his amended 3.850 motion. *Id.* at 12-15. The docket for the Third Judicial Circuit, Lafayette County, reflects that Petitioner's second motion for extension of time was received on April 11, 2014, and "mailed to Judge Douglas" that day, but apparently not acted on by the court. *See* Ex. X.

On June 16, 2014, Petitioner filed his amended 3.850 motion. Ex. W at 17-21. Along with this motion, Petitioner sent a letter stating, "I never received a notice saying I was granted my extion [sic] or not," and, "I would hope you would excepted [sic] this 3.850 at this time." *Id.* at 16. By order on July 3, 2014, the court summarily denied Petitioner's amended 3.850 motion with prejudice stating that Petitioner "filed the instant motion over two months after the sixty-day extension this Court granted expired." *Id.* at 22-23. The court noted the letter sent by Petitioner in which he claimed to have not received notice of the extension and stated that Petitioner "could have operated under the assumption that his first request for a sixty-day extension would have been granted, and he could have filed a timely motion within said sixty days. Instead, [Petitioner] waited over two months after the sixty days expired to file the instant motion." *Id.* at 22. The court also concluded that Petitioner's amended 3.850 motion contained new grounds not previously raised and was still facially insufficient. *Id.*

Petitioner's first motion for extension of time was attached to this order, but his second motion was not attached. *Id.* at 23.

On July 17, 2014, Petitioner appealed the denial of his amended 3.850 motion to the First DCA, but did not file a brief. *Id.* at 35. On November 26, 2014, the First DCA affirmed the case without a written decision. Ex. Z; Alvarado v. State, 152 So. 3d 566 (Fla. 1st DCA 2014) (table). The mandate was issued on December 23, 2014. Ex. AA.

As indicated above, Petitioner filed a § 2254 petition in the Middle District of Florida on June 25, 2015. ECF No. 1. On July 7, 2015, it was transferred to this Court. ECF No. 2. Respondent has filed a motion to dismiss the § 2254 motion as untimely, with exhibits. ECF No. 16. Petitioner filed a response and an amended response. ECF No. 18; ECF No. 19.

## Analysis

Under the Antiterrorism and Effective Death Penalty Act (AEDPA), there is a one-year limitations period for filing a § 2254 petition. 28 U.S.C. § 2244(d)(1). The period generally runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." *Id.* § 2244(d)(1)(A). The limitations period is tolled for the time during which a "properly filed" application for

post-conviction relief is pending in state court. *Id.* § 2244(d)(2). The time may be equitably tolled, but only if Petitioner can show "extraordinary circumstances that are both beyond his control and unavoidable even with diligence." Sandvik v. U.S., 177 F.3d 1269, 1271-72 (11th Cir. 1999).

A conviction becomes final for federal habeas purposes upon expiration of the 90-day time period in which a defendant may seek direct review of his conviction in the United States Supreme Court, regardless of whether such review is actually sought. Kaufman v. United States, 282 F.3d 1336, 1338 (11th Cir. 2002) (concluding that conviction does not become "final" for purposes of § 2255(f)(1) until 90-day period for seeking certiorari expires, even if prisoner does not petition for such review). In his response, Petitioner argues that the time for seeking review "include[s] . . . mandates." ECF No. 18. However, the Supreme Court Rules explain that the 90-day period runs from the date the order of judgment is issued, not from the date the mandate is issued. Sup. Ct. R. 13(3).

The First DCA affirmed Petitioner's judgment and sentence on February 13, 2012. Ex. U. Therefore, Petitioner's conviction became final 90 days later, on May 14, 2012. Absent any tolling, the one-year limitations period would expire on May 14, 2013. *See, e.g.*, Downs v. McNeil, 520

F.3d 1311, 1318 (11th Cir. 2008) (applying "anniversary method" when calculating one-year limitations period); Ferreira v. Sec'y, Dep't of Corr., 494 F.3d 1286, 1289 n.1 (11th Cir. 2007) (noting that limitations period should be calculated using "the anniversary date of the triggering event").

On November 18, 2012, Petitioner filed a 3.850 motion in state court. Ex. W, 1-4.  At this point, 187 days of the limitations period had passed. On January 17, 2014, the state court found Petitioner's 3.850 motion facially insufficient, and gave him 30 days to amend and refile.  *Id.* at 5-6.  The court granted Petitioner's first motion for extension of time to file an amended 3.850 motion, allowing him until April 22, 2014, to file.  *See id.* at 11.  Petitioner did not file his amended 3.850 motion until June 16, 2014. *Id.* at 17-21.  Along with his amended 3.850 motion, Petitioner filed a letter stating, "I never received a notice saying I was granted my extion [sic] or not," and, "I would hope you would excepted [sic] this 3.850 at this time." *Id.* at 16.  This letter refers to the Petitioner's second motion for extension that was mailed to Judge Douglas on April 11, 2014, and apparently not acted upon by the court.  *See* Ex. X.  As Petitioner's amended 3.850 motion was decided by a different judge (Judge Jackson), it is unclear if the court was aware of this second motion for extension.  *See id.* at 22.  One of the attachments to the order was Petitioner's first motion for extension of

time, but his second motion was not included in those attachments. *Id.* at 23. In denying Petitioner's amended 3.850 motion, the court mentioned that Petitioner "waited over two months after the sixty days expired to file the instant motion." *Id.* at 22. The "sixty days" refers to the first extension of time the court granted Petitioner, indicating that the court may have been unaware of the second motion for extension. *See id.* The court also stated, however, that Petitioner "could have operated under the assumption that his *first* request for a sixty-day extension would have been granted." *Id.* (emphasis added). Because it used the word, "first," the court may have been aware of Petitioner's second motion for extension of time. Petitioner notes this confusion in his response. ECF. No. 18.

    Regardless, assuming the time was tolled between November 18, 2014, the date Petitioner filed his initial 3.850 motion, and December 23, 2014, the date the mandate on his appeal was issued, Petitioner's AEDPA one-year limitations period still expired before he filed his § 2254 petition. After December 23, 2014, with 178 days remaining in his limitations period, Petitioner would have had until Friday, June 19, 2015, to file a § 2254 petition, absent any other tolling. Petitioner filed his § 2254 petition on June 25, 2015, 6 days after the one-year limitations period expired. ECF No. 1.

Petitioner contends that he is entitled to equitable tolling.  In Paragraph 18 of his petition, he asserts:

> On June 9, 2015, Petitioner seeks the tolling of the one-year limitation period under 28 U.S.C. 2254 or an extension of time to file his federal petition.  He stated: Petitioner is confined in close-management status, has limited law library access, and limited communication with certified law clerks.  Petitioner also suffers from a mental infirmity, disease or defect (as records will confirm) and doesn't understand the legal proceedings, process.  Lastly his native language is Spanish and requires an interpreter.

ECF. No. 1 at 14.  In his amended response, Petitioner also asserts the inadequacy of the "jail house lawyer" and the law clerks assisting him with his petition.  ECF No. 18.  None of Petitioner's claims, however, entitle him to equitable tolling.  *See e.g.,* Miller v. Florida, 307 F. App'x 366, 368 (11th Cir. 2009) (finding that close-management status and restricted access to law library did not warrant equitable tolling); Walker v. Graham, 955 F. Supp. 2d 92, 103 (E.D.N.Y. 2013) ("[R]eliance on a jailhouse lawyer . . . does not qualify as an extraordinary circumstance warranting equitable tolling."); Nara v. Frank, 264 F.3d 310, 320 (3d Cir. 2001) ("[M]ental incompetence is not a *per se* reason to toll a statute of limitations."); Laws v. Lamarque, 351 F.2d 919, 923 (9th Cir. 2003) ("Where a habeas petitioner's mental incompetence *in fact* caused him to fail to meet the filing deadline, this deadline should be equitably tolled.") (emphasis added); Lawrence v. Florida, 421 F.3d 1221, 1227 (11th Cir.

2005) (finding that a contention of mental impairment, "without more, is insufficient to justify equitable tolling"); U.S. v. Montano, 398 F.3d 1276, 1285 n.5 (11th Cir. 2005) (finding that language barriers are not extraordinary circumstances that justify equitable tolling).

As indicated above, Petitioner filed his § 2254 petition 6 days after the AEDPA one-year limitations period expired.  See ECF. No. 1.  As he is not entitled to equitable tolling, his petition is untimely, and should be dismissed.

## Certificate of Appealability

Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)."  Rule 11(b) provides that a timely notice of appeal must still be filed, even if the court issues a certificate of appealability.

Petitioner fails to make a substantial showing of the denial of a constitutional right.  28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 483-84 (2000) (explaining substantial showing) (citation omitted).

Case No. 1:15cv133-MP/CAS

Therefore, the Court should deny a certificate of appealability in its final order.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." The parties shall make any argument as to whether a certificate should issue by objections to this report and recommendation.

Leave to appeal in forma pauperis should also be denied. *See* Fed. R. App. P. 24(a)(3)(A) (providing that before or after notice of appeal is filed, the court may certify appeal is not in good faith or party is not otherwise entitled to appeal in forma pauperis).

## Recommendation

Because the § 2254 petition is untimely, it is respectfully **RECOMMENDED** that Respondent's motion to dismiss (ECF No. 16) be **GRANTED** and the petition for writ of habeas corpus filed under 28 U.S.C. § 2254 (ECF No. 1) be **DISMISSED**. It is further **RECOMMENDED** that a certificate of appealability be **DENIED** and that leave to appeal in forma pauperis be **DENIED**.

**IN CHAMBERS** at Tallahassee, Florida, on June 1, 2016.

<u>**S/     Charles A. Stampelos**     </u>
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**

## <u>NOTICE TO PARTIES</u>

**Within fourteen (14) days after being served with a copy of this report and recommendation, a party may serve and file specific, written objections to the proposed findings and recommendations. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**